UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE CRESPO,<br>    Plaintiff, | :<br>: |
| v. | :   CASE NO. 3:11cv53 (JCH)<br>:<br>:   OCTOBER 4, 2011 |
| COMMISSIONER OF CORRECTION,<br>    Defendant | :<br>: |

**RULING ON RESPONDENT'S MOTION TO DISMISS [Doc. No. 10]**

Petitioner, Jose Crespo ("Crespo"), currently confined in the New Hampshire State Prison in Concord, New Hampshire, commenced this action for writ of habeas corpus pro se pursuant to 28 U.S.C. § 2254. He challenges his Connecticut conviction for murder. Crespo asks the court to equitably toll the limitations period for filing this action. In response, the respondent has filed a motion to dismiss on the ground that the Petition is untimely and equitable tolling is not warranted. For the reasons that follow, the respondent's Motion is granted.

**I. Procedural Background**

On January 30, 1996, a three-judge panel convicted Crespo of murder. On March 29, 1996, he was sentenced to a term of imprisonment of sixty years. The Connecticut Supreme Court affirmed the conviction and, on January 25, 1999, the United States Supreme Court denied his petition for certiorari. State v. Crespo, 246 Conn. 665, 666-67, 718 A.2d 925, 928 (1998), cert. denied sub nom. Crespo v. Connecticut, 525 U.S. 1125 (1999).

On February 19, 1999, Crespo filed a petition for writ of habeas corpus in state court. See Resp't's Mem. App. D, at 1. He withdrew the petition on March 21, 2003.

See Resp't's Mem. App. E.

On March 31, 2003, Crespo filed a second petition for writ of habeas corpus in state court, No. TSR-CV03-0003962-S. Following a trial on December 8, 2003, the court dismissed the petition. See Resp't's Mem. App. G, Habeas Transcript at 89-93. Crespo timely appealed the dismissal. On September 29, 2004, the Connecticut Appellate Court dismissed the appeal because Crespo failed to file an appellate brief in accordance with the court's order. See Resp't's Mem. App. H at 2.

On March 1, 2005, Crespo filed a third state habeas action. Following a hearing, the state court granted the requested relief and ordered that Crespo's appellate rights be restored in the second habeas action. Crespo v. Warden, No. CV054000380, 2007 WL 4755003, at *3 (Conn. Super. Ct. Dec. 31, 2007). Crespo filed a second appeal in the second habeas action. The Connecticut Supreme Court transferred the appeal from the appellate court and, on August 4, 2009, dismissed the appeal on the merits. Crespo v. Commissioner of Correction, 292 Conn. 804, 806, 975 A.2d 42, 45 (2009).

Crespo commenced this action by his Petition dated January 6, 2011.

**II.     Standard of Review**

Federal habeas corpus statutes impose a one year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court. See 28 U.S.C. § 2244(d)(1). The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending. See 28 U.S.C. § 2244; Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001).

The doctrine of equitable tolling applies in section 2254 cases. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires the petitioner to show that he has been pursuing his rights diligently but that extraordinary circumstances prevented him from timely filing his petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir.), cert. denied sub nom. Diaz v. Conway, 129 S. Ct. 168 (2008). The threshold for petitioner to establish equitable tolling is very high. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (acknowledging high threshold for establishing equitable tolling), cert. denied, 531 U.S. 840 (2000).

The standard for determining whether a petitioner diligently pursued his rights is reasonable diligence. The court must determine whether "the petitioner act[ed] as diligently as reasonably could have been expected *under the circumstances*." Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in original). The petitioner must have acted with reasonable diligence throughout the entire period he seeks to toll, that is, during the period after the extraordinary circumstances began. See id. at 150 (quoting Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001), cert. denied, 536 U.S. 925 (2002)).

When considering extraordinary circumstances, the court considers "how severe an obstacle it is for the prisoner endeavoring to comply with the AEDPA's limitations period." Diaz, 515 F.3d at 154. The inquiries into extraordinary circumstances and reasonable diligence are related. The petitioner must show "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests

and the lateness of his filing." Saunders v. Edwards, 171 Fed. Appx. 872 (2d Cir. 2005)(quoting Hizbullahankhamon, 255 F.3d at 75), cert. denied, 549 U.S. 862 (2006). A petitioner cannot establish the required causal relationship if, "acting with reasonable diligence, [he] could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

## III. Discussion

Crespo's conviction became final on January 25, 1999, when the Supreme Court denied his petition for certiorari. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001) (the limitations period specified in 28 U.S.C. § 2244(d)(1)(A) commences at the completion of certiorari proceedings in the United States Supreme Court or at the conclusion of the time within which a petition for certiorari could have been filed), cert. denied, 534 U.S. 924 (2001). The limitations period was tolled twenty-five days later, on February 19, 1999, when Crespo filed his first state habeas petition.

The limitations period began to run again on March 21, 2003, the day Crespo withdrew the first state habeas petition and was tolled ten days later, on March 31, 2003, when he filed his second state habeas petition. The limitations period did not begin to run again until August 4, 2009, the day the Connecticut Supreme Court dismissed the appeal of his second state habeas petition. The limitations period expired 330 days later, on June 30, 2010.

Crespo's federal habeas petition was received by this court on January 11, 2011. Under the prison mailbox rule, however, the court considers pro se prisoner petitions filed on the date the prisoner gives the petition to correctional staff for mailing. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1983) (citing Houston v. Lack, 487 U.S. 266,

4

270 (1988)). Crespo's federal habeas petition is dated January 6, 2011. The court assumes that Crespo gave the petition to correctional staff for mailing on that date and considers the petition to have been filed on January 6, 2011, 190 days after the limitations period expired. Thus, unless the limitations period is equitably tolled, Crespo's petition is time-barred.

Crespo argues that the limitations period should be equitably tolled. Crespo states that he was told on August 4, 2009, that he could file a petition for writ of habeas corpus in federal court. At that time, Crespo and his family made efforts to obtain representation. However, Crespo does not demonstrate that the process was conducted diligently.

Crespo states that the lawyers declined representation and did not advise him about the limitations period. Crespo is mistaken. He attaches to his memorandum a copy of an October 26, 2009 letter from the Office of the Public Defender. The public defender sent Crespo federal habeas corpus petition forms, encouraged him to file his federal habeas petition, explained that there was a limitations period and indicated that Crespo had, at most, twelve months to file his federal petition. Pet'r's Mem., Doc. No. 17, at 9. Thus, Crespo was on notice of the limitations period in October 2009.

In January 2010, Crespo received a second set of forms to file a federal habeas corpus petition from the Office of the Federal Defender. Instead of attempting to file a federal petition on his own, Crespo continued to seek representation. Although the Assistant Federal Defender offered to assist Crespo's family regarding a referral to a private attorney, there is no evidence that they accepted this offer. Doc. No. at 15.

On April 17, 2010, Crespo mailed a copy of all of his legal materials to an

5

employee of the Novak law firm. Doc. No. 17 at 25. Crespo has provided evidence of a retainer agreement his family signed with Attorney Novak on June 14, 2010. Doc. No. 17 at 26-41. The agreement specifically provides that the attorney would perform investigatory work regarding filing a federal habeas corpus action. Doc. No. 17 at 32. On November 18, 2010, Attorney Novak wrote a lengthy letter to Crespo's family. He summarized the results of his investigation, determined that there were no non-frivolous issues to present, and declined to file the petition. Doc. No. 17 at 42-51.

Crespo states that he does not read or understand English well and was unable to use legal research materials. Other inmates were not permitted to assist him while he was incarcerated in Connecticut. Crespo states that his legal materials were lost in June 2010 and not returned to him until September 2, 2010.[1] During that time, however, Attorney Novak was evaluating his claims based on the documents Crespo sent to the law firm in April 2010. In December 2010, Crespo was transferred to New Hampshire. With the assistance of another inmate, Crespo filed this action.

The Second Circuit rarely has found extraordinary circumstances warranting equitable tolling. The few situations in which the Second Circuit has found an extraordinary circumstance involved obstacles such as a correctional officer's intentional confiscation of a prisoner's petition shortly before the filing deadline, see Valverde, 224 F .3d at 133; an attorney's egregious failure to file a habeas petition on a prisoner's behalf despite explicit directions from his client to do so, see Baldayaque, 338 F.3d at 150; a state appellate court's failure to inform a prisoner that leave to

---

[1]Crespo attached evidence that he was informed on August 13, 2010, that his legal materials had been located. Pet'r's Mem., Doc. No. 17, at 22.

6

appeal was denied, see Diaz, 515 F.3d at 154–55; and an attorney's failure to file his client's petition until one day after the AEDPA deadline, despite the fact that the petitioner had been persistent in maintaining contact with the attorney and had specifically instructed him not to wait until the last day to file, see Dillon v. Conway, 642 F.3d 358, 363-64 (2d Cir. 2011) (per curiam).

Crespo has no constitutional right to counsel in a habeas corpus proceeding. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Ignorance of the law does not constitute an extraordinary circumstance to excuse the untimely filing of a federal habeas petition where there is no right to counsel. See, e.g. Ruiz v. Poole, 566 F. Supp. 2d 336, 338 (S.D.N.Y. 2008); Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002). Thus, Crespo's claim that attorneys, who did not represent him, failed to advise him about the limitations period would not constitute an extraordinary circumstance to excuse untimely filing. This claim, however, is contradicted by evidence provided by Crespo which shows that he was informed of the limitations period in October 2009. Thus, he was not ignorant of the law.

Even if Crespo had not known about the limitations period, courts within the Second Circuit consistently have held that lack of legal knowledge or legal assistance is not an extraordinary circumstance warranting equitable tolling. See, e.g., Rush v. Lempke, No. 09–CV–3464 (JFB), 2011 WL 477807, at *7 (E.D.N.Y. Feb. 2, 2011) (lack of familiarity with the law and lack of access to legal materials or court documents do not warrant equitable tolling)(collecting cases); Giles v. Smith, No. 10 Civ. 5322(PKC), 2010 WL 4159468, at *3 (S.D.N.Y. Oct. 8, 2010) (rejecting claim that equitable tolling was required because petitioner needed years of study to ascertain his claims); Adkins

v. Warden, 585 F. Supp. 2d 286, 297 (D. Conn. 2008) (solitary confinement and associated lack of access to law library insufficient to warrant equitable tolling), aff'd 354 Fed. Appx. 564 (2d Cir. 2009), cert. denied sub nom. Adkins v. Semple, 131 S. Ct. 262 (2010); Williams v. Breslin, No. 03–cv–1848 (RWS), 2004 WL 2368011, at *6 (S.D.N.Y. Oct. 20, 2004) (unfamiliarity with the law and attorney negligence do not constitute extraordinary circumstances to warrant equitable tolling); Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (petitioner's limited education and ignorance of the law, fact that counsel declined to continue representation, and petitioner's lack of funds to retain replacement counsel held insufficient to warrant equitable tolling); see also Urena v. Brown, No. 06–cv–3163 (LBS), 2007 WL 3284646, at *2 (S.D.N.Y. Nov. 5, 2007) (rejecting petitioner's claim that he faced an "extraordinary circumstance" warranting equitable tolling because he received erroneous advice from an inmate legal library clerk); Chan v. United States, No. 00–cv–0862 (ILG), 2000 WL 1843290, at *2 (E.D.N.Y. Oct. 25, 2000) (rejecting petitioner's claim that the fact that he "[had to] rely on inmate jail house lawyers" and the fact that his attempts to obtain legal advice from fellow inmates "ha[d] not been fruitful" qualified as extraordinary circumstances (quotation marks omitted)).

      Crespo was aware of the limitations period in October 2009. He was provided forms to file his federal habeas petition in October 2009 and, again, in January 2010, yet did not file a federal petition. He did not engage an attorney until two weeks before the limitations period expired and does not indicate that he ever asked the attorney about the limitations period when the attorney visited him in prison. The alleged lack of knowledge is not an extraordinary circumstance warranting equitable tolling and Crespo

8

did not act diligently during this period.

Difficult conditions of confinement generally do not constitute extraordinary circumstances to warrant equitable tolling. Crespo states that he was unable to access the law library and, for a time, was separated from his legal materials. These difficulties are insufficient to warrant equitable tolling. See McDonald v. Castro, 66 Fed. Appx. 98, 100 (9th Cir. 2003) (rejecting claims that limitations period should be equitably tolled because of prison lockdowns, lack of access to the law library and failure of counsel to inform prisoner of limitations period); Hizbullahankhamon v. Walker, 105 F. Supp. 2d 339, 344 (S.D.N.Y. 2000) (holding that placement in solitary confinement for 216 days for misbehavior without access to law library or legal materials, coupled with delay of 250 days before filing first collateral attack, did not constitute extraordinary circumstances warranting equitable tolling), aff'd, 255 F.3d 65 (2001), cert. denied, 536 U.S. 925 (2002). In addition, Crespo states in opposition to the Motion to Dismiss that he filed his federal petition before his legal materials arrived in New Hampshire. Thus, the lack of legal materials did not prevent him from filing his Petition in a timely manner. See Giles, 2010 WL 4159468, at *4 (loss of legal materials is not an unconstitutional impediment where lack of materials did not prevent filing). The court concludes that Crespo has not shown that, if he acted diligently during the limitations period he still would have been unable to timely file his petition.

Finally, the court considers Crespo's lack of proficiency in the English language. The inability to read English may justify equitable tolling. See Diaz, 515 F.3d at 154. Even when equitable tolling is applied, the petitioner must show that he made "all reasonable efforts to mitigate his language deficiency." Diaz, 515 F.3d at 154. In Diaz,

the non-English-speaking petitioners failed to show that they tried to contact persons outside of the prison to explain the legal requirements for filing a federal habeas petition, or tried to learn of the requirements within the correctional facility. Thus, the court determined that equitable tolling was not warranted. See id.

Crespo states that he and his family attempted to retain counsel to represent him. Even though Crespo was on notice of the limitations period, he does not present any evidence that he tried to ascertain the impact of the limitations period or sought assistance to file a pro se petition as the limitations period was drawing to a close. The court concludes that Crespo failed to act with reasonable diligence and, therefore, that equitable tolling is not warranted.

## IV. Conclusion

The respondent's Motion to Dismiss [**Doc. No. 10**] is **GRANTED**.

The court concludes that jurists of reason would not find it debatable that Crespo failed to timely file this petition. Thus, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling). The Clerk is directed to enter judgment and close this case.

**SO ORDERED**

Dated this 4th day of October 2011, at Bridgeport, Connecticut.

          /s/ Janet C. Hall
    Janet C. Hall
    United States District Judge